IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NENANA HEATING SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC., a Delaware corporation, <br><br> Defendant. | Case No. 3:07-cv-0171-RRB <br><br><br> **ORDER REGARDING MOTIONS** |

Before the Court are a number of motions in limine which the Court will address below. The Court notes, however, that the extent of the litigation to date goes far beyond the extent of the dispute. Although a jury will ultimately resolve this matter, some observations from the Court seem appropriate.

First, while the leases in question are fairly clear on their face, the parties' intentions are vague. The "as is" clause in the leases does not technically contravene the express warranties contained in the leases. However, the pre-lease occupation of the properties, the roughly two years of occupation allegedly without

significant complaint, and the rural and rustic nature of the properties give weight to Plaintiff's waiver arguments. But, even if Plaintiff were to prevail on this theory, which is by no means a certainty, the extent of Plaintiff's damages appears far less then Plaintiff presumes, for the condition of the properties now seem to be generally the same as in 2005, less normal wear and tear. Moreover, Aramark's counterclaim seems less persuasive given the likely return of the two remaining properties next year. Given these factors, it is strange indeed that a final resolution of this dispute has been so illusive. Sometimes parties just have to walk away from a bad business deal and lick their wounds.

With regard to the pending motions, the Court first hereby **GRANTS** Defendant's Motion for Extension of time to File Response at **Docket 223** and **DENIES** Plaintiff's Motion to Strike all Late Oppositions filed at **Docket 245.**

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Preclude Evidence at **Docket 173,** for while the "as is" clause does not contravene the express warranty clauses, it may be relevant to the waiver issue and may be argued in regard to such.

The Court hereby **DENIES** Defendant's Motion to Exclude Expert at **Docket 175**, for Ms. Throop might have relevant lay testimony to present and has sufficient expertise to assist the jury in its fact

ORDER RE PENDING MOTIONS - 2
3:07-CV-0171-RRB

finding role. Disputes regarding her expertise go to the weight as opposed to the admissibility of much of her proposed testimony.

Aramark's Motions in Limine at **Dockets 176, 178,** and **180** are hereby **GRANTED** for the reasons set forth by Aramark in its moving papers. There appears to be little, if any, evidence that Plaintiff responded significantly to the Notice re Serious Conditions at Leased Premises submitted by Aramark in its letter of August 30, 2007; nor is there any evidence to suggest that Aramark improperly terminated its lease with Nenana Heating. The depositions of David and Nancy Shaw set forth their understanding of the damages sustained by them as a result of Aramark's alleged breaches. They have not submitted any additional information upon which one might conclude that additional damages were sustained.

Aramark's Motion in Limine at **Docket 179** is hereby **DENIED,** without prejudice. The Court can envision circumstances under which pre-contract discussions might be relevant given the somewhat ambiguous nature of the lease and the fact that Defendant occupied the premises before the leases were finalized.

Aramark's Motion in Limine at Docket **181** to Preclude Evidence or reference by Plaintiff to Aramark's Financial Condition is hereby **GRANTED** as irrelevant to the matters in dispute.

Aramark's Motion in Limine at **Docket 182** to Exclude Plaintiff's Untimely Supplemental Disclosure of Expert testimony of Brad Johnson is hereby **DENIED.** However, that portion of the motion that seeks to exclude any testimony that Aramark prevented Plaintiff from conducting gross sales audits is hereby **GRANTED.**

Aramark's Motion in Limine at **Docket 183** to Exclude Chevron and Texaco Image Evaluation Reports is hereby **DENIED.**

Aramark's Motion in Limine at **Docket 174** is taken **under advisement** pending further information on the matter.

Aramark's Motion in Limine at **Docket 184** to Strike Supplemental Disclosure of Expert Brad Johnson is hereby **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 22nd day of October, 2010.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE